JUSTICE TRIEWEILER
dissents.
¶19 I dissent from the majority opinion. I would reverse the judgment of the District Court.
¶20 The Plaintiff, Terry L. Bradley, brought this action pursuant to that part of the Consumer Protection Act which pertains to “personal solicitation sales” and is found at § 30-14-501, MCA, et seq. The purpose of this part of the act is “to afford consumers subjected to high pressure personal solicitation sales tactics a cooling-off period.” In stating the purpose of the act the legislature made no distinction regarding the frequency with which a seller engages in personal solicitation sales tactics.
¶21 The act requires that before any personal solicitation, the seller clearly identify itself; (§ 30-14-503, MCA) and provide any buyer with the right to cancel any sale consummated within three days following the transaction. Section 30-14-504, MCA. Section 30-14-505, MCA requires that the seller provide the buyer with a notice of his or her right to cancel and states that until the notice has been provided the time for cancellation does not begin to run. A personal solicitation covered by the act is defined in § 30-14-502, MCA, as follows:
(2) “Personal solicitation” means any attempt by a seller who regularly engages in transactions of the same kind to sell goods or services which are primarily for personal, family, or household purposes, when either the seller or a person acting for him contacts the *162 buyer by telephone or in person other than at the place of business of the seller, except:
(a) An attempted sale in which the buyer personally knows the identity of the seller, the name of the business, firm, or organization he represents, and the identity or kinds of goods or services offered for sale ....
(Emphasis added.)
¶22 In this case the District Court held that North Country Auto and Marine did not engage in a “personal solicitation” because it does not regularly contact buyers by telephone or in person at a place other than the seller’s place of business. The majority, after setting forth the correct rules of statutory construction, then misapplied those rules to affirm the District Court.
¶23 As noted by the majority, legislative intent must first be determined by the plain language of the statute. When the statute speaks for itself, other forms of interpretation are not appropriate. The plain language of § 30-14-502(2), MCA, does not require that a seller regularly engage in solicitation by phone or in person in order for a transaction in which that seller is involved to satisfy the definition of “personal solicitation.” The statute defines “personal solicitation” as “any attempt by a seller who regularly engages in transactions of the same kind to sell goods ... when either the seller or a person acting for him contacts the buyer by telephone or in person other than at the place of business of the seller ...” Section 30-14-502(2), MCA (emphasis added). The plain language of the statute simply requires that the seller regularly engage in selling the type of item which is the subject of the transaction and applies to “any attempt” by that seller to solicit business by phone or in person somewhere other than at the seller’s place of business. All of those elements were satisfied in this case. North Country Auto regularly engages in the sale of automobiles. An automobile was the subject of the transaction which gave rise to this lawsuit. The original solicitation was by phone and follow-up contact between the buyer and seller occurred in person at the buyer’s home, which was a place other than the seller’s place of business.
¶24 By adding the requirement that the seller regularly engage in solicitations by telephone or at a place other than the seller’s place of business, the District Court, and now the majority of this Court, have added requirements to the statute that are not found in its plain language. Therefore, I dissent from that conclusion.
*163 ¶25 The District Court also held that even if Bradley’s purchase from North Country Auto and Marine was the result of a “personal solicitation” this particular transaction was exempted from coverage based on § 30-14-502(2)(a), MCA, which exempts a transaction in which the “buyer personally knows the identity of the seller ...” The District court held that because Murfitt claims to have identified himself to Bradley during the initial phone call, Bradley “personally knew” the identity of the seller. However, the District Court’s conclusion ignores the language in § 30-14-503, MCA, which requires that in every “personal solicitation” the seller identify itself at the time of the initial contact. Therefore, if the mere fact that the seller identifies itself is sufficient to exempt it from the act’s coverage, then all the notice requirements of the act and cancellation rights provided by the act would be eliminated simply by a seller’s compliance with the requirements of the act. The exception would literally swallow the rule. That interpretation ignores the requirement that statutes be interpreted in a way that does not defeat their object or purpose. See Montana Talc Co. v. Cyprus Mines Corp. (1987), 229 Mont. 491, 498, 748 P.2d 444, 449, and the requirement that various provisions of an act be construed in a way to give effect to all parts of the act if possible. See § 1-2-101, MCA.
¶26 In order to give effect to §§ 30-14-503 through -505, MCA, I would interpret the exemption provided at § 30-14-502(2)(a), MCA, to apply only in those situations where the buyer has some familiarity with the seller based on his own personal knowledge without regard to the introduction required by § 30-14-503, MCA.
¶27 Furthermore, I conclude that the District Court erred when it decided as a matter of fact that Murfitt did identify himself and his employer to Bradley during their initial contact. That finding was based on Murfitt’s affidavit as are those facts set forth in paragraphs 4 through 6 of the majority opinion. However, Bradley filed his own affidavit, which in several important respects, controverts those statements made in Murfitt’s affidavit. For example, Bradley stated that Murfitt insisted on bringing the vehicle to his home, and after the purchase was agreed upon, submitted a number of papers for Bradley’s signature which Bradley was not given the opportunity to read. Bradley stated in his affidavit that he does not recall Murfitt saying who he worked for during their initial conversation but that he did recall being angry when he first realized, while signing the sales documents, that he was doing business with North Country. He *164 stated that he had previously bought a boat from North Country and would not have knowingly done business with that firm again.
¶28 The District Court resolved the factual issue created by contradictions in Murfitt’s and Bradley’s affidavits by simply finding that Bradley’s affidavit was not credible. However, it is not the function of the District Court to resolve issues of credibility and thereby decide factual issues by summary judgment. Therefore, I conclude that even if the District Court had correctly interpreted the exemption provided in § 30-14-502(2)(a), MCA, there was no factual basis upon which to apply that exemption as a bar to Bradley’s claim as a matter of law.
¶29 For these reasons, I dissent from the majority opinion and would reverse the judgment of the District Court.
JUSTICE HUNT joins in the foregoing dissenting opinion.